IN THE MATTER OF:  CHAPTER 13
CASE NO. 14-56675-MAR
TINA ROSE ARROWOOD,  JUDGE MARK A RANDON
Debtor.
_____/

## TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

**NOW COMES** the Chapter 13 Trustee, Krispen S. Carroll, and objects to confirmation of the Chapter 13 Plan in the above matter pursuant to E. D. Mich. LBR 3015-3(a) as follows:

1. Trustee objects to debtor's failure to propose a 100% dividend to unsecured creditors, as debtor's Monthly Disposable Income under 11 USC 1325(b)(2) is $495.92, which when multiplied by the applicable 60 month commitment period yields $29,755.20, which exceeds debtor's unsecured debts.

2. The Trustee objects to debtor's deduction on Line 55 of the Means Test as the amount exceeds the debtor's current contributions and the amounts required to repay loans and affects the disposable income determination. Trustee requests documentation regarding the pay off amount and dates for debtor's 401(k) loans. Upon the completion of direct payments to the 401(k) loan repayment, the debtor will have additional funds to devote to payments into the Chapter 13 Plan through the Trustee thereby increasing the debtor's best effort payments. *See* In re Lasowski, 575 F.3d 815 (8th Cir. 2009).

3. Trustee requests copies of the IRA statements from six months prior to filing to present.

4. Trustee requires verification of debtor's non-filing boyfriend's mortgage and condominium payments.

5. Upon the completion of direct payments to Ally Financial, the debtor will have additional funds to devote to payments into the Chapter 13 Plan through the Trustee thereby increasing the debtor's best effort payments.

6. The Plan fails to provide that 100% of all tax refunds received by the debtor from the commencement of the case through the entire Plan pendency will be remitted to the Trustee for distribution among creditors in contravention of 11 U.S.C. § 1325(b)(1)(B) and In re Freeman, 86 F.3rd 478 (6th Cir. 1996). Trustee notes there is a discrepancy between the dividend as disclosed in Part II.C. of the Chapter 13 Plan with respect to tax refunds and Class 9 of the Chapter 13 Plan which reflects an unsecured base.

7. Trustee objects to debtor's failure to pay her full best effort as indicated on Schedule J.

**WHEREFORE,** the Chapter 13 Trustee prays this Honorable Court deny confirmation of the debtor's Chapter 13 Plan.

OFFICE OF THE CHAPTER 13 TRUSTEE-DETROIT
Krispen S. Carroll, Chapter 13 Trustee

December 16, 2014      /s/ Margaret Conti Schmidt
KRISPEN S. CARROLL (P49817)
MARGARET CONTI SCHMIDT (P42945)
MARIA GOTSIS (P67107)
719 Griswold Street
Suite 1100
Detroit, MI 48226
(313) 962-5035
notice@det13ksc.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN THE MATTER OF:  CHAPTER 13
 CASE NO. 14-56675-MAR
TINA ROSE ARROWOOD,  JUDGE MARK A RANDON
Debtor.
_____/

## CERTIFICATE OF MAILING

I hereby certify that on the date indicated below, I electronically filed **TRUSTEE'S OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN** with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

GUDEMAN & ASSOCIATES
1026 W. ELEVEN MILE ROAD
ROYAL OAK, MI 48067-0000

and I hereby certify that I have mailed by United States Postal Service the above mentioned documents to the following non-ECF participants:

TINA ROSE ARROWOOD
32986 PINE VIEW COURT
WARREN, MI 48093-0000


December 16, 2014            /s/ Barbara A. Ecclestone
                             Barbara A. Ecclestone
                             For the Office of the Chapter 13 Trustee-Detroit
                             719 Griswold Street
                             Suite 1100
                             Detroit, MI 48226
                             (313) 962-5035
                             notice@det13ksc.com